UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TREY GIBSON,

               Plaintiff,

vs.

PINNACLE TRUCKING LLC

and

JOSEPH ALEXANDER,

               Defendants.

Case No:

## **COMPLAINT**

**COMES NOW** Plaintiff Trey Gibson, by and through his undersigned attorneys, and for his cause of action against Defendants Pinnacle Trucking LLC and Joseph Alexander states as follows:

## **GENERAL ALLEGATIONS**

1.      Plaintiff Trey Gibson is citizen of the State of Missouri.

2.      At all times relevant herein, Defendant Pinnacle Trucking LLC was a commercial trucking limited liability company, formed in the State of New Jersey, with its principle place of business located in Florence, New Jersey.

3.      Defendant Joseph Alexander is a citizen of the State of New Jersey.

4.      Plaintiff and Defendants are residents of separate states and the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs.  Therefore, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

5.      Gibson demands trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

6.     At all times relevant, Pinnacle Trucking LLC was operating as an interstate commercial motor carrier.

7.     At all times relevant, Pinnacle Trucking LLC was operating as a for-hire motor carrier.

8.     At all times relevant, Pinnacle Trucking LLC's business involved transporting freight interstate.

9.     As part of Pinnacle Trucking LLC's business operations, it consistently and systematically transported freight through the Eastern Division of the Eastern District of Missouri.

10.    At all times relevant, including on or about January 25, 2018, Alexander transported freight in the course and scope of his employment and/or agency for Pinnacle Trucking LLC, throughout the Eastern Division of the Eastern District of Missouri.

11.    At all times relevant herein and at the time of this crash, Pinnacle Trucking LLC was acting individually and through its drivers, agents, servants, and/or employees, each of whom were acting within the course and scope of their employment with Pinnacle Trucking LLC

12.    At all times relevant herein and at the time of this crash, Alexander was operating a tractor-trailer in the course and scope of his employment with Pinnacle Trucking LLC.

13.    At all times relevant herein and at the time of this crash, Alexander was operating a tractor-trailer in furtherance of the business interests of Pinnacle Trucking LLC.

14.    Pinnacle Trucking LLC, at all relevant times set forth herein, was subject to and required to abide by the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations) and RSMo. 307.400 while operating as an interstate commercial motor carrier.

15.     Alexander, at all relevant times set forth herein, was subject to and required to abide by the rules and regulations contained and set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations) and RSMo. 307.400 while operating a commercial motor vehicle.

16.     At all times herein mentioned, Alexander was hired by Pinnacle Trucking LLC to drive a commercial motor vehicle (the tractor-trailer involved in this crash) and was directed by Pinnacle Trucking LLC to transport various loads interstate, including through Warren County, Missouri, and up and down Missouri Highway 47.

17.     At all times herein mentioned, and at the time of this incident, Pinnacle Trucking LLC, individually, and/or through its agents, servants, and/or employees, owned, leased, controlled, and/or operated the tractor-trailer that was involved in this crash.

18.     In its relevant parts, the Federal Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term "employer."  49 C.F.R. §390.5.

19.     At all times relevant, Pinnacle Trucking LLC was a "Motor Carrier" as that term is defined by the Federal Motor Carrier Safety Regulations.

20.     In its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who, in the course of his or her employment directly, affects commercial motor vehicle safety.  "Employee"

includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle).  49 C.F.R. §390.5.

21.     At all times relevant to this case, Alexander was a driver of the Freightliner, a commercial motor vehicle, and therefore, an "employee," as defined by the Motor Carrier Safety Regulations.

22.     In its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration.  49 C.F.R. §390.5.

23.     At all times relevant to this case, the tractor- trailer driven by Alexander was a "motor vehicle," as defined by the Motor Carrier Safety Regulations.

24.     On or about January 25, 2018, at approximately 6:45 p.m., Gibson was driving his 2005 Ford F-150 on Missouri Highway 47 in Warren County, Missouri.

25.     Alexander was driving his loaded tractor-trailer westbound on Quarry Road.

26.     Alexander made a right turn onto Missouri Highway 47.

27.     As Alexander made a right turn, he collided with Gibson.

28.     At that time and place, Alexander was operating the tractor-trailer pursuant to Pinnacle Trucking LLC's motor carrier DOT operating authority.

29.      As a direct and proximate result of the aforesaid incident and the carelessness and negligence of Alexander, Gibson sustained injury to his head, neck, right trapezius, right shoulder, right upper arm, low back, groin, and hip, thereby causing him permanent pain and suffering as a direct result.

30.     As a direct and proximate result of the aforesaid incident and the carelessness and negligence of Alexander, Gibson has undergone medical treatment and is reasonably likely to undergo future medical treatment including future surgical intervention.

<u>COUNT I</u>

<u>**NEGLIGENCE OF DEFENDANT ALEXANDER**</u>

**COMES NOW** Plaintiff Trey Gibson, by and through his attorneys, and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant Joseph Alexander and further states:

31.     At all times relevant, Alexander was required to obey the Federal Motor Carrier Safety Regulations and safe trucking industry standards while operating a commercial motor vehicle.

32.     At all times relevant, Alexander was required to obey Missouri's statutory Rules of the Road while operating a commercial motor vehicle.  RSMo. 304.014

33.     At the time of this crash, Alexander negligently operated the Freightliner tractor that caused or contributed to cause this incident on the above stated date and time by:

> a)     Failing to operate the Freightliner tractor in a careful and
>        prudent manner;
>
> b)     Failing to keep a proper lookout;
>
> c)     Failing to take proper remedial action which could have
>        avoided this collision or minimized the impact;
>
> d)     Failing to keep his Freightliner tractor under control at all times;
>
> e)     Operating the commercial motor vehicle without adequate training
>        and experience;

f)      Operating the commercial motor vehicle when not properly qualified;

g)      Failing to exhibit the qualities of a professional driver;

h)      Driving while tired and/or fatigued;

i)      Driving while under the unsafe side-effects of prescription medication;

j)      Driving overly aggressive;

k)      Failing to utilize defensive driving tactics;

l)      Failing to maintain a safe following distance behind other motorists;

m)      Failing to warn other motorists of the impending collision so to allow them time to prepare/potentially avoid/brace for impact; and

n)      Failing to stop his vehicle, slacken his speed, swerve or sound a warning in an attempt to avoid colliding with the two other vehicles involved in this crash, when he could and should have done in so in the exercise of the highest degree of reasonable care.

34.      At least one of the negligent acts or omissions by Alexander, as described in the above paragraphs and the below paragraphs, was a direct and proximate cause of the crash in question and the resulting severe injuries to Gibson.

35.      Alexander knew or should have known that his conduct as described herein created a high degree of probability of injury.

36.      Alexander was not properly qualified to operate the Freightliner tractor and trailer and did not have the required training and experience and was operating in violation of the law and this behavior and conduct was reckless and shows a complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Gibson to Aggravated (punitive) Damages.

37.      The operation of the Freightliner tractor by Alexander and the manner in which it was operated on the public roadways, was willful, wanton, and reckless, and shows complete

indifference and conscious disregard for the safety of the motoring public, so as to entitle Gibson to Aggravated (punitive) Damages.

38.     The conduct of Alexander as described herein, specifically including violations of the rules of the road, the Federal Motor Carrier Safety Regulations, and safe trucking industry standards, as well as other acts and omissions of as described herein, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, including Gibson.

**WHEREFORE** Plaintiff Trey Gibson prays for judgment against Defendant Joseph Alexander in a sum in excess of One Million Dollars ($1,000,000.00) exclusive of costs and interest, as is fair and reasonable to compensate Gibson for his injuries, for costs, prejudgment interest, punitive damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT II

## NEGLIGENCE PER SE OF DEFENDANT ALEXANDER

**COMES NOW** Plaintiff Trey Gibson, by and through their attorneys, and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant Joseph Alexander and further states:

39.     Section 304.012.1., RSMo., provides as follows:

> i.  Every person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care.

40.      Alexander was negligent per se in that he operated the motor vehicle in violation of said Section by (a) failing to operate the motor vehicle in a careful and prudent manner; (b) by operating his motor vehicle at a rate of speed given the weather and road conditions which endangered the property and life of other persons, especially including Gibson, (c) by failing to maintain a safe following distance behind other motorists; (d) by failing to exercise the highest degree of care, and (e) by causing this crash a result thereof.

41.      The above collision was directly and proximately caused by Alexander's careless and negligent violations of MO. REV. STAT. §304.012, and each of them of Missouri's statutory rules of the road, in that Defendants operated the tractor-trailer in a manner in which allowed it to violently crash into Gibson.

42.      As a direct and proximate result of Defendants' violations of MO. REV. STAT. §304.012 as each of them set forth above, Gibson sustained the serious, permanent, progressive and disabling bodily injuries and damages as set forth above.

43.      Gibson was within the class of persons MO. REV. STAT. §304.012 is designed to protect.

44.      The injuries Gibson sustained were of the type that MO. REV. STAT. §304.012 is designed to prevent.

**WHEREFORE** Plaintiff Trey Gibson prays for judgment against Defendant Joseph Alexander in a sum in excess of One Million Dollars ($1,000,000.00) exclusive of costs and interest, as is fair and reasonable to compensate Gibson for his injuries, for costs, prejudgment interest, punitive damages, and for such other relief this Court deems just and proper under the circumstances.

**COUNT III**

## VICARIOUS LIABILTIY AGAINST PINNACLE TRUCKING LLC FOR THE NEGLIGENCE OF DEFENDANT ALEXANDER

**COMES NOW** Plaintiff Trey Gibson, by and through his attorneys, and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant Pinnacle Trucking LLC and further states:

51.     At the time of this crash, Alexander drove the tractor-trailer on a public street, road, thoroughfare, and highway in such a manner that he failed to maintain a proper traffic lane, causing this collision.

52.     At the time of this crash, Alexander failed to be diligent at all times and failed to drive at such a rate of speed and with such control that he avoided this incident.

53.     At the time of this crash, Alexander failed to be diligent at all times and collided with another motorist.

54.     At the time of this crash, Alexander negligently operated the tractor-trailer that caused this incident on the above stated date and time by:

a)      Failing to operate the Freightliner tractor in a careful and prudent manner;

b)      Failing to reduce speed to avoid a collision in violation of RSMo. Chapter 304 (commonly referred to as Missouri's statutory rules of the road);

c)      Failing to keep a proper lookout;

d)      Failing to take proper remedial action which could have avoided this collision or minimized the impact;

e)      Failing to keep his Freightliner tractor under control at all times;

f)      Operating the commercial motor vehicle without adequate training and experience;

g)      Operating the commercial motor vehicle when not properly qualified;

h)      Failing to exhibit the qualities of a professional driver;

i)      Driving while tired and/or fatigued;

l)      Driving while under the unsafe side-effects of prescription medication;

m)      Driving overly aggressive;

m)      Failing to utilize defensive driving tactics;

n)      Failing to maintain a safe following distance behind other motorists;

o)      Failing to maintain a speed that was safe given the weather and road conditions;

q)      Failing to warn other motorists of the impending collision so to allow them time to prepare/potentially avoid/brace for impact; and

r)      Failing to stop his vehicle, slacken his speed, swerve or sound a warning in an attempt to avoid colliding with the two other vehicles involved in this crash, when he could and should have done in so in the exercise of the highest degree of reasonable care.

55.     At least one of the negligent acts or omissions by Alexander was a direct and proximate cause of the crash in question and the resulting injuries to Gibson.

56.     As a direct and proximate result of the negligence of Alexander, Gibson were seriously injured as previously described and has sustained damages, pain and suffering and will sustain damages, pain and suffering in the future.

57.     Alexander knew, should have known that his conduct as described herein created a high degree of probability of injury.

58.     Alexander was not properly qualified to operate the tractor-trailer and did not have the required training and experience and was operating in violation of the law and this behavior and conduct was reckless and shows a complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Plaintiff to punitive damages.

59.     Alexander was not physically qualified as required by the Federal Motor Carrier Safety Regulations to safely operate his tractor-trailer on the day of the collision.

60.     The operation of the tractor-trailer by Alexander and the manner in which it was operated on the public roadways, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Gibson to punitive damages.

61.     The conduct of Alexander as described herein, specifically including violations of state law and the Federal Motor Carrier Safety Regulations, as well as other acts and omissions of as described herein, was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public.

62.     At the time of the collision, Alexander was operating in the course and scope of his employment and/or agency with Pinnacle Trucking LLC, LLC.

63.     At the time of the collision, Alexander was operating the tractor-trailer pursuant to Pinnacle Trucking LLC's operating authority granted by the United States government.

64.     At all times relevant, Pinnacle Trucking LLC had the right to control the manner in which Alexander transported the load and operated the tractor-trailer involved in the collision.

65.    Defendant Pinnacle Trucking LLC is vicariously liable for the negligent actions of Alexander under the doctrines of respondeat superior, agency, and/or statutory employment pursuant to 49 CFR 390.5.

**WHEREFORE** Plaintiff Trey Gibson prays for judgment against Defendant Pinnacle Trucking LLC in a sum in excess of One Million Dollars ($1,000,000.00) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for his injuries, for costs, prejudgment interest, punitive damages, and for such other relief this Court deems just and proper under the circumstances.

<u>COUNT IV</u>
<u>VICARIOUS LIABILITY AGAINST PINNACLE TRUCKING LLC FOR THE</u>
<u>NEGLIGENCE PER SE OF DEFENDANT ALEXANDER</u>

**COMES NOW** Plaintiff Trey Gibson, by and through his attorneys, and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant Pinnacle Trucking LLC and further states:

66.    Missouri has enacted numerous statutes to promote safe driving on its roadways, commonly referred to as Missouri's statutory "Rules of the Road."

67.    Section 304.012.1., RSMo., provides as follows:

> ii.  Every person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care.

68. Alexander was negligent per se in that he operated the motor vehicle in

violation of said Section by (a) failing to operate the motor vehicle in a careful and prudent manner; (b) by operating his motor vehicle at a rate of speed given the weather and road conditions which endangered the property and life of other persons, especially including Plaintiff, (c) by failing to maintain a safe following distance behind other motorists; (d) by failing to exercise the highest degree of care, and (e) by causing this crash a result thereof.

69.     The above collision was directly and proximately caused by Alexander's careless and negligent violations of MO. REV. STAT. §304.012, and each of them of Missouri's statutory rules of the road, in that Defendants operated the tractor-trailer in a manner in which allowed it to violently crash into Gibson.

70.     As a direct and proximate result of Defendants' violations of MO. REV. STAT. §304.012 as each of them set forth above, Gibson has sustained the serious, permanent, progressive and disabling bodily injuries and damages as set forth above.

71.     Gibson was within the class of persons MO. REV. STAT. §304.012 is designed to protect.

72.     The injuries Gibson sustained was of the type that MO. REV. STAT. §304.012 is designed to prevent.

73.     At the time Alexander violated MO. REV. STAT. §304.012, he was operating in the course and scope of his employment and/or agency with Defendant Pinnacle Trucking LLC

74.     Gibson therefore seeks to hold Pinnacle Trucking LLC vicariously liable for Alexander's violation of MO. REV. STAT. §304.012, which resulted in the aforementioned injuries to Gibson.

**WHEREFORE** Plaintiff Trey Gibson pray for judgment against Defendant Pinnacle Trucking LLC in a sum in excess of One Million Dollars ($1,000,000.00) exclusive of costs and

interest, as is fair and reasonable to compensate Gibson for his injuries, for costs, prejudgment interest, punitive damages, and for such other relief this Court deems just and proper under the circumstances.

<u>COUNT V</u>
<u>INDEPENDENT NEGLIGENCE OF DEFENDANT PINNACLE TRUCKING LLC</u>

**COMES NOW** Plaintiff Trey Gibson, by and through his attorneys, and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant Pinnacle Trucking LLC and further states:

75.     At all times relevant, Defendant Pinnacle Trucking LLC was operating as an interstate motor carrier pursuant to authority granted to it by the U.S. Department of Transportation.

76.     Throughout its existence, Defendant Pinnacle Trucking LLC has, or should have been, aware of the existence of the Federal Motor Carrier Safety Regulations.

77.     As an interstate motor carrier, Defendant Pinnacle Trucking LLC has a duty, to follow and comply with the Federal Motor Carrier Safety Regulations.

78.     The various safety regulations included within Parts 385, 390, 391, 392, 393, 395, and 396, of which Defendant Pinnacle Trucking LLC had a duty to follow, include, but are not limited to, the following:

    a.   Defendant Pinnacle Trucking LLC had an independent duty to require observance by its drivers of any duty or prohibition imposed upon the drivers by the Federal Motor Carrier Safety Regulations.  49 C.F.R. §390.11;

    b.   Defendant Pinnacle Trucking LLC had a duty to not require or permit a driver,

including Alexander, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3;

c.  Defendant Pinnacle Trucking LLC had a duty to not allow or permit a driver, including Alexander, to operate a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle.  49 C.F.R. §391.11.;

d.  Defendant Pinnacle Trucking LLC had an independent duty not to aid, abet, encourage or require any of its employees to violate the safety regulations contained within Chapter 390.  490 C.F.R. §390.13;

e.  Defendant Pinnacle Trucking LLC had an independent duty to prohibit its employees from driving a commercial vehicle unless the employee had first completed and furnished to Defendant Pinnacle Trucking LLC an application for employment that meets the requirements as set forth in 49 C.F.R. §391.21(b);

f.  Defendant Pinnacle Trucking LLC had an independent duty to make investigations and inquiries with respect to each driver it employs and to do so in the manner prescribed in 49 C.F.R. §391.23;

g.  Defendant Pinnacle Trucking LLC had an independent duty to obtain the motor vehicle record of every driver it employs, including Alexander, at least once every twelve months in determine whether that driver continues to meet the minimum requirements for safe driving or is disqualified to drive a commercial motor vehicle.  49 C.F.R. §391.25;

h.   Defendant Pinnacle Trucking LLC had an independent duty require each of its drivers, including Alexander, to furnish it with a list of all violations of motor vehicle traffic laws and ordinances of which he/she has been convicted in the preceding 12 months.  49 C.F.R. §391.27;

i.   Defendant Pinnacle Trucking LLC had an independent duty to prohibit its employees, including Alexander, from driving until the driver had successfully completed a road test and been issued a certificate of driver's road test.  40. C.F.R. §391.31;

j.   Defendant Pinnacle Trucking LLC had an independent duty to ensure that its drivers, including Alexander, were physically qualified to operate a commercial motor vehicle and that its drivers had undergone the necessary examinations in the required timeframes as set forth within the Federal Motor Carrier Safety Regulations.  40 C.F.R. §391 – Subpart E; and

k.   Defendant Pinnacle Trucking LLC had an independent duty to inspect, repair, and maintain, all of the motor vehicles subject to its control, including the motor vehicle operated by Alexander on the day of the aforementioned crash, and to ensure that the motor vehicle and all of its parts and accessories were in proper operating condition at all times, including at the time of the aforementioned crash. 40 C.F.R. §396.3.

79.   That Defendant Pinnacle Trucking LLC had a duty to comply with the Federal Motor Carrier Safety Regulations including the specific aforementioned regulations.

80.   That it is customary standard in the motor carrier industry to have in place an

adequate safety program administered by competent and adequately trained safety personnel to ensure that the motor carrier and its drivers are adhering to the Federal Motor Carrier Safety Regulations, including but not limited the specifically aforementioned regulations.

81.    That, at all times prior to the aforementioned collision, Defendant Pinnacle Trucking LLC failed to have in place an adequate safety program.

82.    As a result of its inadequate and/or inexistent safety program, Defendant Pinnacle Trucking LLC violated numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiff.

83.    As a result of its inadequate and/or inexistent safety program, Defendant Pinnacle Trucking LLC allowed its drivers, including Alexander, to violate numerous Federal Motor Carrier Safety Regulations including, but not limited to the specifically aforementioned regulations prior to the aforementioned collision involving Plaintiff.

84.    That Defendant Pinnacle Trucking LLC's violation of numerous Federal Motor Carrier Safety Regulations, including the specifically aforementioned regulations created a danger to the health, welfare, and safety of the motoring public, including Gibson.

85.    Defendant Pinnacle Trucking LLC was thereby negligent in that it failed to implement an adequate safety program and it violated numerous Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

86.    Defendant Pinnacle Trucking LLC was thereby negligent in that it failed to implement an adequate safety program and it failed to ensure that its agents, employees and drivers, including Defendant Alexander, complied with the Federal Motor Carrier Safety Regulations, including but not limited to the specifically aforementioned regulations.

87.     As a direct and proximate result of the independent negligence of Defendant Pinnacle Trucking LLC, Gibson was injured and sustained damages and will continue to be damaged in the manners previously described in this Complaint.

88.     Defendant Pinnacle Trucking LLC knew or had information from which they, in the exercise of ordinary care, could have known that such conduct as described herein created a high degree of probability of injury to the motoring public such as Gibson.

89.     The conduct of Defendant Pinnacle Trucking LLC as described herein, specifically including violations of Missouri state law and the various Federal Motor Carrier Safety Regulations was willful, wanton, and reckless, and shows complete indifference and conscious disregard for the safety of the motoring public, so as to entitle Gibson to punitive Damages.

**WHEREFORE** Plaintiff Trey Gibson prays for judgment against Defendant Pinnacle Trucking LLC in a sum in excess of One Million Dollars ($1,000,000.00) exclusive of costs and interest, as is fair and reasonable to compensate Gibson for his injuries, for costs, prejudgment interest, punitive damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT VI

## DIRECT NEGLIGENCE AGAINST PINNACLE TRUCKING LLC FOR NEGLIGENT HIRING/RETENTION

**COMES NOW** Plaintiff Trey Gibson, by and through his attorneys, and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant Pinnacle Trucking LLC and further states:

90.     At all times prior to the aforementioned collision, Defendant Pinnacle Trucking LLC had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers, including Defendant Alexander to the extent mandated by the Federal Motor Carrier Safety Regulations.

91.     Such duties include, but are not limited to:

a)     To obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle. 49 C.F.R. §391.21;

b)     To investigate the agents, servants, and/or employee's driver's employment record during the preceding three years by all reasonable means. 49 C.F.R. §§391.23(a)(2), 391.23(c);

c)     To inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins. 49 C.F.R. §391.23(a);

d)     To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle. 49 C.F.R. §391.31(a);

e)     To investigate the driver's safety performance history with Department of Transportation regulated employer during the preceding three years. 49 C.F.R. §391.23(2);

f)     Ensure that its driver was physically qualified to operate a Freightliner tractor and trailer (commercial motor vehicle) and had a valid and current DOT medical examiner's certificate. 49 C.F.R. §391.41; and

g)    Ensure that its driver had no current diagnosis of high blood pressure likely to interfere with the ability to operate a commercial motor vehicle safely.  49 C.F.R. §391.41(b)(6).

92.    Defendant Pinnacle Trucking LLC had a duty to comply with all of the above and below listed Laws, Federal Regulations, Codes, and/or Missouri Statutes, so as to protect the general public, including Gibson, from the unsafe operation of commercial motor vehicles by its drivers.

93.    Defendant Alexander was unqualified to operate a commercial motor vehicle due to his driving history, inexperience, lack of skill, lack of training, lack of knowledge, and physical medical condition.

94.    That, because of Defendant Alexander's aforementioned inadequacies, Defendant Pinnacle Trucking LLC should not have hired him to operate a commercial motor vehicle.

95.    That Defendant Pinnacle Trucking LLC knew, or through the exercise of ordinary care should have known that Defendant Alexander was unqualified to safely operate a commercial motor vehicle.

96.    That by failing to properly and adequately screen and investigate its drivers, including Defendant Alexander, before and during employment, Defendant Pinnacle Trucking LLC violated numerous Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count.

97.    Had Defendant Pinnacle Trucking LLC obeyed the Federal Motor Carrier Safety Regulations, including but not limited to those specifically identified in this count, it could have learned that Defendant Alexander was unqualified to safely operate a commercial motor vehicle.

98.    Defendant Alexander's negligent actions on the day of the collision with Plaintiff

was consistent with, related to, and a product of his aforementioned inadequacies in operating a commercial motor vehicle.

99.     Defendant Pinnacle Trucking LLC' negligent actions and omissions in hiring Defendant Alexander, including their violations of the Federal Motor Carrier Safety Regulations, was the proximate cause of the injuries and damages sustained by Gibson resulting from the aforementioned motor vehicle collision.

100.    Defendant Pinnacle Trucking LLC' actions and omissions in hiring Defendant Alexander, including their violations of the Federal Motor Carrier Safety Regulations were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Gibson.

**WHEREFORE** Plaintiff Trey Gibson prays for judgment against Defendant Pinnacle Trucking LLC in a sum in excess of One Million Dollars ($1,000,000.00) exclusive of costs and interest, as is fair and reasonable to compensate Gibson for his injuries, for costs, prejudgment interest, punitive damages, and for such other relief this Court deems just and proper under the circumstances.

<u>COUNT VII</u>

<u>DIRECT NEGLIGENCE AGAINST PINNACLE TRUCKING LLC FOR NEGLIGENT TRAINING</u>

**COMES NOW** Plaintiff Trey Gibson, by and through his attorneys, and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant Pinnacle Trucking LLC and further states:

101.    Defendant Pinnacle Trucking LLC owed the general public, including Gibson, a

duty to properly train its drivers, including Defendant Alexander, on the safe operation of a commercial motor vehicle.

102.    Defendant Pinnacle Trucking LLC failed to properly instruct Defendant Alexander on the safe operation of a commercial motor vehicle.

103.    Defendant Pinnacle Trucking LLC owed the general public, including Gibson, a duty to properly train its drivers, including Defendant Alexander, on the safety regulations set forth in the Federal Motor Carrier Safety Regulations.

104.    At all times prior to the aforementioned collision, Defendant Pinnacle Trucking LLC had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the Federal Motor Carrier Safety Regulations.

105.    Such duties include, but are not limited to:

a)      To require and verify that its drivers pass a knowledge and skills test as prescribed by the Federal Motor Carrier Safety Regulations.

b)      To train its drivers on the Federal Motor Carrier Safety Regulations pertaining to medical certification, medical examination procedures, general qualifications, responsibilities, and disqualifications.

c)      To ensure that its drivers have been properly trained and to show proof of that training with a training certificate.

106.    Defendant Pinnacle Trucking LLC had a duty to properly instruct its drivers, including Defendant Alexander, on the rules as regulations as contained in Part 392 of the Federal Motor Carrier Safety Regulations which pertain to the safe operation of a commercial motor vehicle.

107.    Defendant Pinnacle Trucking LLC failed to properly instruct Defendant

Alexander on the Federal Motor Carrier Safety Regulations, including those specifically referenced in this count.

108.    Defendant Pinnacle Trucking LLC owed the general public, including Gibson, a duty to provide ongoing safety courses to its drivers, including Defendant Alexander.

109.    Defendant Pinnacle Trucking LLC failed to provide adequate continuing safety courses to Defendant Alexander.

110.    Defendant Pinnacle Trucking LLC had a duty to comply with all of the above and below listed duties, so as to protect the general public, including Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

111.    Defendant Pinnacle Trucking LLC breached its duty to the general public, including Plaintiff, by its failing to properly train Defendant Alexander, Defendant Pinnacle Trucking LLC's commercial motor vehicle driver, who was unqualified, incompetent and should not have been permitted to operate the Freightliner tractor and trailer.

112.    Based on Defendant Alexander's driving history, inadequate experience, and training, Defendant Pinnacle Trucking LLC knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

113.    That Defendant Pinnacle Trucking LLC was negligent in failing to properly train its drivers, including Defendant Alexander, on the safe operation of a commercial motor vehicle and the Federal Motor Carrier Safety Regulations.

114.    That Defendant Pinnacle Trucking LLC was negligent in failing to provide continuing education on the safe operation of a commercial motor vehicle and on the Federal

Motor Carrier Safety Regulations.

115.    That Defendant Alexander's aforementioned negligent actions and/or inactions were consistent with the fact that Defendant Pinnacle Trucking LLC failed to properly train him in the safe operation of a commercial motor vehicle and/or the adherence to the Federal Motor Carrier Safety Regulations.

116.    Gibson's injuries were directly and proximately caused by Defendant Pinnacle Trucking LLC's breach of and failure to comply with its duty to properly train Defendant Alexander, its commercial motor vehicle driver.

117.    These actions and omissions of Defendant Pinnacle Trucking LLC relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Gibson.

**WHEREFORE** Plaintiff Trey Gibson prays for judgment against Defendant Pinnacle Trucking LLC in a sum in excess of One Million Dollars ($1,000,000.00) exclusive of costs and interest, as is fair and reasonable to compensate Gibson for his injuries, for costs, prejudgment interest, punitive damages, and for such other relief this Court deems just and proper under the circumstances.

## COUNT VIII

## DIRECT NEGLIGENCE AGAINST PINNACLE TRUCKING LLC BASED UPON NEGLIGENT SUPERVISION/RETENTION

**COMES NOW** Plaintiff Trey Gibson, by and through his attorneys, and repeats, incorporates, and re-alleges each and every paragraph and sub-paragraph set forth above in the General Allegations as if they were set forth herein at length against Defendant Pinnacle Trucking LLC and further states:

118.    Defendant Pinnacle Trucking LLC owed the general public, including Gibson, a duty to continuously evaluate its drivers' performance, including through supervision, and to discharge an incompetent or unsafe driver before he/she injured the public or property.

119.    Defendant Pinnacle Trucking LLC had a duty to not require or permit a driver, including Defendant Alexander, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.  49 C.F.R. §392.3.

120.    Defendant Pinnacle Trucking LLC had a duty to inquire into the motor vehicle record of its drivers and give "great weight" to violations such as speeding or reckless driving. 49 C.F.R. §391.25.

121.    Defendant Pinnacle Trucking LLC had a duty to ensure that its drivers were continuously physically qualified to safely operate the Freightliner tractor and trailer. 49 C.F.R. §391.41, 391.43.

122.    Defendant Pinnacle Trucking LLC had a duty to maintain a driver qualification file for each driver it employs.  49 C.F.R. §391.51

123.    Defendant Pinnacle Trucking LLC had a duty to maintain a driver investigation history file for each driver it employs.  49 C.F.R. §391.53.

124.    Defendant Pinnacle Trucking LLC had a duty to not allow or permit its on-duty drivers to be possession of drugs as listed in 49 C.F.R. §392.4(a).

125.    Defendant Pinnacle Trucking LLC had a duty to not schedule a run, nor permit, nor require the operation of any commercial motor vehicle between points in such a period of time as would necessitate the commercial vehicle being operated at speeds greater than those

prescribed by law.  49 C.F.R. §392.6.

126.    Defendant Pinnacle Trucking LLC had a duty to comply with all of the above and below listed duties, Rules, Regulations and codes, so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

127.    Defendant Pinnacle Trucking LLC breached its above listing duties to the general public, including the Gibson, by its failing to properly supervise Defendant Alexander, Defendant Pinnacle Trucking LLC's commercial motor vehicle driver, who was unqualified, incompetent and should have been discharged prior to this crash.

128.    Based on Defendant Alexander's driving history, lack of supervision and continued retention by his employer, Defendant Pinnacle Trucking LLC knew or had information from which defendant, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

129.    These actions and omissions of Defendant Pinnacle Trucking LLC relating to this crash were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Gibson.

130.    Gibson's injuries were directly and proximately caused by Defendant Pinnacle Trucking LLC's breach of and failure to comply with its duty to properly train Defendant Alexander, its commercial motor vehicle driver.

**WHEREFORE** Plaintiff Trey Gibson prays for judgment against Defendant Pinnacle Trucking LLC in a sum in excess of One Million Dollars ($1,000,000.00) exclusive of costs and interest, as is fair and reasonable to compensate Plaintiff for his injuries, for costs, prejudgment

interest, punitive damages, and for such other relief this Court deems just and proper under the circumstances.

Respectfully submitted,

**SCHULTZ & MYERS, LLC**

/s/ Thomas G. Wilmowski, Jr.
_____
    Deme Sotiriou 56611(MO)
    Thomas G. Wilmowski, Jr. 60721(MO)
    999 Executive Parkway Drive
    Suite 205
    St. Louis, Missouri 63141
    Telephone:  314-444-4444
    Facsimile:  314-720-0744
    Email: deme@schultzmyers.com
    Email: tom@schultzmyers.com